JUSTICE GRAY,
specially concurring.
I specially concur in the Court’s opinion.
*105 I do not disagree with the adoption of the legal principles from Shea and Ensley. I am less convinced than the Court, however, that the Workers’ Compensation Court actually erred as a matter of law, even applying those principles to the case now before us. The most that can be said, perhaps, is that we cannot be certain that the court applied the principles we have now adopted; it is for that reason alone that I join the Court in reversing and remanding for the entry of findings and conclusions.
It is important, in my view, to further clarify what this Court is and is not actually directing the Workers’ Compensation Court to do on remand. My understanding is that the Court is not attempting, in any way, to “direct a verdict” on the facts of this case. The Workers’ Compensation Court is to reconsider the evidence before it and enter findings and conclusions relating to whether the claimant’s May 1982 (and later) hernia problems meet the definition of “permanent total disability” under § 39-71-116(13), MCA (1979); in doing so, it is to consider and apply the Shea and Ensley principles. That, as I understand it, is the Workers’ Compensation Court’s role on remand as stated by this Court.
In that regard, the court must determine initially whether the claimant has established by a preponderance of the evidence that his May 1982 (and later) hernia problems resulted from the work-related injury on July 15, 1981, which first caused the hernia. See § 39-71-116(13), MCA (1979). If not, the inquiry will end. If so, then the court also must determine under the statute whether the claimant’s work-related injury resulted in his loss of actual earnings or earning capability; this portion of the analysis necessarily will entail application of the Shea and Ensley legal principles.
On this basis, I join the Court in reversing and remanding to the Workers’ Compensation Court.